UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE YOUNG-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-CV-369 JD |
| ) | |
| THOMAS LUPKE, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Jermaine Young-El, a *pro se* prisoner, filed this case against Officer Gary Fordyce and Cass County prosecutor Thomas Lupke for fabricating criminal charges against him. It appears as though the complained of criminal charges are currently pending against Young-El in the Cass County criminal court system. ECF 1-1. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the allegations contained in the complaint, in March 2017, Young-El entered a store in Galveston, Indiana. The clerk accused him of loitering and called police. An officer arrived on the scene and spoke with Young-El in the parking lot. During the conversation, the officer had to ask Young-El to lower his voice. Young-El then drove away, but was soon pulled over by Officer Fordyce, who asked to see his driver's license and vehicle

registration. Young-El instead handed him a "Moorish American right to travel card." Officer Fordyce went back to his vehicle to run Young-El's name. Officer Fordyce returned to Young-El's vehicle and told him that his license was suspended and he was being arrested. Officer Fordyce then searched the rental vehicle and claimed to have found heroin, even though Young-El states no drugs were in the vehicle. Young-El then refused to take a breathalyser. Young-El was told that he was being arrested for driving on a suspended license, OWI and possession of a narcotic drug. Cass County Prosecutor Thomas Lupke charged him with OWI, driving without a license, drug dealing and conspiracy to deal drugs. Young-El does not allege that his vehicle was stopped without probable cause or that the search of his vehicle was unlawful. Instead, Young-El complains that the defendants worked together to have him falsely charged with these crimes. ECF 1 at 3, 4.

As an initial matter, Lupke is entitled to absolute prosecutorial immunity and cannot be sued for damages in connection with his decision to initiate charges against Young-El. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

To the extent Young-El has any claim based on falsified or planted evidence against Officer Fordyce, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

> It should be noted that we have not limited the application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001). Here, prevailing in this case would be inconsistent with his potential convictions in his state criminal case. Therefore this claim must be dismissed. If at some time in the future, the criminal

charges are dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus", *Heck*, 512 U.S. at 486-7, then Young-El may file a new lawsuit reasserting those claims. Accordingly, these claims must be dismissed.

For these reasons, the claim against Thomas Lupke is **DISMISSED** based on prosecutorial immunity and the claim against Officer Fordyce is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED: July 31, 2017              /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court